**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2192-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

YUSEF B. ALLEN,

    Defendant-Appellant.

_____

Submitted February 3, 2020 – Decided April 14, 2020

Before Judges Ostrer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 98-08-1208.

Yusef Allen, appellant pro se.

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Meredith L. Balo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Yusef Allen, was tried before a jury and convicted of murder and related weapons offenses in 1999. He was sentenced to a life term of imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. That translates to almost 69 years of parole ineligibility. Defendant now appeals from the dismissal of his most recent motion for a new trial based on what he claims to be newly discovered evidence.

This is not the first time we have had occasion to address defendant's murder conviction. Over the course of the last two decades, defendant has been persistent in challenging the jury verdict in direct and collateral appeals brought in State and federal courts. The motion presently before us, moreover, is not the first time defendant has claimed that he is entitled to a new trial based on newly discovered evidence.

Defendant's present motion was filed pro se and an assistant public defender was assigned to the matter. Assigned counsel investigated defendant's contentions and submitted a certification to the motion court concluding that "there was not enough reliable information to validate a credible motion." The motion judge relied upon that certification and dismissed defendant's motion for a new trial. The court issued a one-page order that reads in pertinent part, "[g]iven [assigned counsel's] certification dated June 13, 2017 (copy of which

is attached), this Court is satisfied that a thorough investigation was conducted and there was insufficient reliable information to validate a credible motion."

We begin our analysis by acknowledging the deferential standard of review that applies in this appeal. "A motion for a new trial is addressed to the sound discretion of the trial court, and its determination will not be reversed on appeal unless there has been a clear abuse of that discretion." State v. Artis, 36 N.J. 538, 541 (1962) (citing State v. Smith, 29 N.J. 561, 573 (1959)). "An abuse of discretion 'arises on demonstration of manifest error or injustice,' or when 'there has been a clear error of judgment.'" Rodriguez v. Wal-Mart Stores, Inc., 237 N.J. 36, 57 (2019) (citations omitted). Said differently, an abuse of discretion occurs when the trial judge's "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). A judge's failure to provide any explanation for his or her decision, rational or otherwise, clearly constitutes an abuse of discretion and directly contravenes our Court Rules. See R. 3:29 ("The [trial] court shall place on the record the reasons supporting its decision on . . . [a] disposition of a criminal matter."); Cf. R. 2:11-3(e) (permitting only appellate

A-2192-17T1

courts to summarily decide matters because an argument lacks sufficient merit to warrant discussion in a written opinion).

We have reviewed the record in view of these legal principles and are constrained to conclude that the motion judge failed to provide an adequate explanation for dismissing defendant's motion. The record suggests that the motion court essentially delegated to defense counsel the responsibility to determine the merits of defendant's contentions. There is no indication in the record that the court conducted its own review of defendant's contentions. Nor did the motion court address any of the factors that should be considered in deciding a motion for a new trial based on newly discovered evidence. See State v. Carter, 85 N.J. 300, 314 (1981) (delineating a three-factor test for courts to utilize in analyzing motions for a new trial based on newly discovered evidence). It is incumbent on the motion court to reach its own conclusions and not just incorporate by reference the conclusions made by assigned counsel. Accordingly, we reverse and remand so that the motion judge can make his own findings and state the reasons for his conclusions so as to permit appropriate appellate review if needed.

A-2192-17T1

In light of our decision to remand this matter for further review by the motion court, defendant's pending motion before us to supplement the record on appeal is now moot.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2192-17T1